UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TRAVIS HARTMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3133 |
| | ) | |
| ROBERT E. KINDERMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff' has filed a motion for the appointment of pro bono counsel and has demonstrated reasonable attempts to find counsel on his own. The Court may therefore proceed to the next step in the inquiry: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007), citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). As the Seventh Circuit stated in Pruitt:

the difficulty of the case is considered against the plaintiff's

1

> litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'"

Pruitt, 503 F.3d at 655 (quoted and other cites omitted). A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." Id. at 655. "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" Santiago v. Walls, 599 F.3d 749, 762 (7th Cir. 2010), *quoting* Pruitt, 503 F.3d at 656. The Court cannot require an attorney to accept pro bono appointment on a civil case such as this. Pruitt, 503 F.3d at 653 (in forma pauperis statute "'does not authorize the federal courts to make coercive appointments of counsel.'")(quoted cite omitted).

Plaintiff does not say what his education level is, but his pleadings demonstrate an understanding of his claims and effectively communicate the facts underlying those claims. Plaintiff also has another case pending in this district in which his pleadings demonstrate the same competency. <u>Hartman v. Foster</u>, 11-3132 (C.D. Ill.). Though the case involves Plaintiff's medical needs following surgery on his leg, the claim itself does not appear to be overly complicated. Plaintiff alleges that Defendants repeatedly failed to follow simple post-operative instructions such as changing Plaintiff's bandages, cleaning the surgical site, and providing Plaintiff with prescribed antibiotics. Through simple discovery requests Plaintiff should be able obtain his medical records to corroborate his medical problems and the post-surgical instructions. He should also be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. *See* <u>Ledford v. Sullivan</u>, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). Copies of grievances and responses

3

thereto should also be easy to obtain in discovery. Accordingly, the Court concludes that Plaintiff is competent to litigate his own case at this point.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for the appointment of counsel is denied (d/e 23);

2) Plaintiff's motion to extend the discovery deadline 30 days is granted (d/e 25). The discovery deadline is extended for all parties to July 31, 2012. The dispositive motion deadline is extended to August 31, 2012.

ENTERED: May 15, 2012

FOR THE COURT:

                                         s/Sue E. Myerscough
                                          SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE